THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(GREENBELT DIVISION)

**In re:**                                        *

**POWERMAX, INC.**                    Case No. 14-13996
                                                  *   Chapter 11

    **Debtor.**                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR ENTRY OF INTERIM ORDER (I) AUTHORIZING THE USE OF DAMASCUS COMMUNITY BANK'S CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND (III) SCHEDULING A FINAL HEARING**

PowerMax, Inc., debtor and debtor-in-possession ("PowerMax" or the "Debtor"), by and through its undersigned counsel, hereby moves the Court for entry of an interim order (I) Authorizing the Use of Damascus Community Bank's Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling a Final Hearing (the "Motion") and, in support thereof, states as follows:

**Jurisdiction**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding under 28 U.S.C. § 157.

**The Chapter 11 Case**

3. On March 14, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code. The Debtor intends to continue in

1

possession of its properties and the management of its business as a Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The Debtor is a corporation organized in 1994 under the laws of the state of Maryland. The Debtor's principal place of business is located in Montgomery County, Maryland.

5. The Debtor is a union mechanical contractor performing renovation, new construction, plumbing and HVAC services for private and public sector clients.

## Secured Debt

6. As of the Petition Date, the Debtor was indebted to Damascus Community Bank ("Damascus" or the "Lender"), pursuant to various loan documents, including promissory notes dated: (i) on or about May 5, 2006 in the original principal amount of $300,000 (the "First Note"); (ii) on or about July 5, 2012 in the original principal amount of $300,000.00; (the "Second Note"); and (iii) on or about December 26, 2012 in the original principal amount of $400,000 (the "Third Note"), all made by Lender to the Debtor and as amended and supplemented from time to time (collectively, the First Note, the Second Note and the Third Note, the "Notes"). As of the Petition Date, the aggregate balance due and owing on the Notes was approximately $660,480.53 (the "Prepetition Indebtedness"). Copies of the Notes are attached hereto as **Exhibit A**.[1]

7. To secure the Prepetition Indebtedness, the Debtor granted the Lender a security interest in and lien upon (the "Prepetition Liens"), among other things, "[a]ll business assets, inventory, equipment, accounts (including but limited to all health-care insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit

---

[1] The Debtor will supplement the filing with the note dated May 5, 2006.

rights, letters of credit, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles) … all whether now existing or hereafter arising or whether not owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds … of or relating to the foregoing property" (the "Prepetition Collateral").  The UCC-1 Financing Statement is attached hereto as **Exhibit B.**

8. The Lender asserts that the Prepetition Liens in and to the Prepetition Collateral constitute valid, binding, enforceable, and perfected first priority liens in and to the Prepetition Collateral.

## Relief Requested

9. During this case, the Debtor requires the use of Cash Collateral to meet its ordinary and necessary expenses, including, but not limited to, payroll.  The Debtor's accounts and right to receive payments is property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code and constitute cash collateral within the meaning of Section 363 of the Bankruptcy Code and may be used by the Debtor only with the consent of the Lender or upon an order of the Bankruptcy Court.

10. Rule 4001 of the Federal Rules of Bankruptcy Procedure provides that the Court may commence a final hearing on a motion for authorization to use cash collateral no earlier than fourteen (14) days after the service of the motion.  Rule 4001 further provides that, upon request, the Court may conduct a preliminary hearing before such fourteen day period expires to authorize the use of cash collateral as is necessary to avoid immediate and irreparable harm to the estate prior to a final hearing.

11. In order for the Debtor to operate its business, meet its obligations and preserve its property and in order to avoid irreparable harm to the bankruptcy estate, it is necessary for the Debtor to use its accounts in which the Lender asserts a security interest to pay its ordinary and necessary expenses. A 14 day budget is attached hereto.

12. The Bankruptcy Code requires "adequate protection" of the Lender's security interest in the Debtor's cash collateral. Adequate protection is afforded where operations continue at a break-even level or generate a profit and there is a strong likelihood of reorganization. *See, e.g., In re Xinde Int'l*, 13 B.R. 212 (Bankr. D. Mass. 1981); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 376 (Bankr. E.D. Pa. 1987).

13. The Debtor seeks an Order that, *inter alia*:

a. Allows the Debtor to use accounts in which the Lender asserts a security interest to pay those obligations set forth in the budget for a period of approximately fourteen (14) days from the Petition Date, through and including March 28, 2014;

b. Grants Damascus Community Bank, pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code, adequate protection, retroactive to the Petition Date, of its interest in the Prepetition Collateral, including the cash collateral in an amount equal to the aggregate diminution in value, if any, of such interests from and after the Petition Date;

c. Grants Damascus Community Bank a replacement lien on the same assets and in the same priority of its Prepetition Liens;

d. Requires the Debtor to make adequate protection payments in an amount equal to Sixteen Thousand Two Hundred Twenty Four Dollars and 01/00 Cents ($16,224.01) per month on or before the twenty sixth (26th) day of each calendar month; and

4

e. Requires the Debtor to provide monthly operating reports required by the Office of the United States Trustee, as well as such other periodic financial information that Damascus Community Bank may reasonably request of the Debtor (in addition to, and not in replacement of, those reporting obligations that the Debtor may have under the Prepetition Loan Documents).

**WHEREFORE**, the Debtor respectfully request entry of an Order substantially similar to the attached proposed order:

a. Authorizing the Debtor to use accounts in which Damascus Community Bank asserts a security interest to pay those obligations as set forth in the budget (which will supplement this Motion) for a period of approximately fourteen (14) days from the Petition Date, through an including March 28, 2014;

b. Grants Damascus Community Bank, pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code, adequate protection, retroactive to the Petition Date, of its interest in the Prepetition Collateral, including the cash collateral in an amount equal to the aggregate diminution in value, if any, of such interests from and after the Petition Date;

c. Grants Damascus Community Bank a replacement lien on the same assets and in the same priority of its Prepetition Liens;

d. Requires the Debtor to make adequate protection payments in an amount equal to Sixteen Thousand Two Hundred Twenty Four Dollars and 01/00 Cents ($16,224.01) per month on or before the twenty sixth (26th) day of each calendar month;

e. Requires the Debtor to provide monthly operating reports required by the Office of the United States Trustee, as well as such other periodic financial information that Damascus Community Bank may reasonably request of the Debtor (in addition to, and not in replacement

of, those reporting obligations that the Debtor may have under the Prepetition Loan Documents); and

  f.  Granting such other and further relief as is just and equitable.

        Respectfully submitted,

        MCNAMEE, HOSEA, JERNIGAN, KIM
        GREENAN & LYNCH, P.A.

        **/s/ James M. Greenan**
        James M. Greenan (Fed. Bar No. 08623)
        Steven L. Goldberg (Fed Bar No. 28089)
        6411 Ivy Lane, Suite 200
        Greenbelt, Maryland  20770
        Telephone:  (301) 441-2420
        Facsimile: (301) 982-9450
        jgreenan@mhlawyers.com
        sgoldberg@mhlawyers.com

        *Attorneys for PowerMax, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of March, 2014, a true and correct copy of the foregoing Motion for Entry of an Order Authorizing the Use of Cash Collateral, Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) furnished by first class mail, postage prepaid, or via electronic transmission to:

Office of the United States Trustee
Jeanne Crouse, Esquire
6305 Ivy Lane
Suite 600
Greenbelt, Maryland 20770

Damascus Community Bank
c/o Cynthia B. Cervenka, Resident Agent
26500 Ridge Road
Damascus, MD 20872

The Debtor's Twenty Largest Creditors.

/s/ James M. Greenan
James M. Greenan

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
### District of Maryland

In re   **PowerMax, Inc.**

Debtor(s)

Case No.
Chapter   **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| **Siemens Industry Inc.**<br>**P.O. Box 2134**<br>**Carol Stream, IL 60132** | **Siemens Industry Inc.**<br>**P.O. Box 2134**<br>**Carol Stream, IL 60132** | | | **1,162,654.43** |
| **Damascus Community Bank**<br>**26500 Ridge Road**<br>**Gaithersburg, MD 20877** | **Damascus Community Bank**<br>**26500 Ridge Road**<br>**Gaithersburg, MD 20877** | | | **659,277.00** |
| **SteamFitters Local 602**<br>**Chevy Chase Bank**<br>**P.O. Box 96508**<br>**Washington, DC 20090** | **SteamFitters Local 602**<br>**Chevy Chase Bank**<br>**P.O. Box 96508**<br>**Washington, DC 20090** | | **Disputed** | **568,300.38** |
| **Thos Somerville**<br>**P.O. Box 62456**<br>**Baltimore, MD 21264-2456** | **Thos Somerville**<br>**P.O. Box 62456**<br>**Baltimore, MD 21264-2456** | | | **418,175.65** |
| **KOGOK**<br>**4007 Pennbelt Place**<br>**District Heights, MD 20747** | **KOGOK**<br>**4007 Pennbelt Place**<br>**District Heights, MD 20747** | | | **334,361.09** |
| **Parklawn Association, Inc.**<br>**30 West Watkins Mill Road**<br>**Gaithersburg, MD 20878** | **Parklawn Association, Inc.**<br>**30 West Watkins Mill Road**<br>**Gaithersburg, MD 20878** | | | **325,645.81** |
| **Climate Craft**<br>**P.O. Box 973227**<br>**Dallas, TX 75397** | **Climate Craft**<br>**P.O. Box 973227**<br>**Dallas, TX 75397** | | | **314,433.91** |
| **DS Pipe & Supply**<br>**1301 Wicomico St.**<br>**P.O. Box 6367**<br>**Baltimore, MD 21230** | **DS Pipe & Supply**<br>**1301 Wicomico St.**<br>**P.O. Box 6367**<br>**Baltimore, MD 21230** | | | **277,247.64** |
| **Delaware Cornerstone Builders**<br>**3027 Hubbard Road, Suite 103**<br>**Hyattsville, MD 20785** | **Delaware Cornerstone Builders**<br>**3027 Hubbard Road, Suite 103**<br>**Hyattsville, MD 20785** | | | **258,985.80** |
| **Plummers Local No. 5 Benefit Funds Depository Age**<br>**P.O. Box 631096**<br>**Baltimore, MD 21263-1096** | **Plummers Local No. 5 Benefit Funds Depository Age**<br>**P.O. Box 631096**<br>**Baltimore, MD 21263-1096** | | **Disputed** | **236,623.00** |

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**B4 (Official Form 4) (12/07) - Cont.**

In re  **PowerMax, Inc.**                                                        Case No. _____
                              Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Comptroller of Maryland Compliance Division 301 West Preston Street, Room 409 Baltimore, MD 21201 | Comptroller of Maryland Compliance Division 301 West Preston Street, Room 409 Baltimore, MD 21201 | | | 235,679.42 |
| United Sheet Metal 51 Ritchie Rd. Capitol Heights, MD 20743 | United Sheet Metal 51 Ritchie Rd. Capitol Heights, MD 20743 | | | 203,290.24 |
| Trane Company P.O. Box 406469 Atlanta, GA 30384-6459 | Trane Company P.O. Box 406469 Atlanta, GA 30384-6459 | | | 184,207.88 |
| Edward J. Murray 1511 Linthicum Road Dickerson, MD 20842 | Edward J. Murray 1511 Linthicum Road Dickerson, MD 20842 | | | 181,000.00 |
| Loudon Sheet Metal 13897 Willard Road VA 22021 | Loudon Sheet Metal 13897 Willard Road VA 22021 | | | 179,383.00 |
| Berkley Mid-Atantic Group, LLC P.O. Box 580458 Charlotte, NC 28253-0458 | Berkley Mid-Atantic Group, LLC P.O. Box 580458 Charlotte, NC 28253-0458 | | | 175,921.10 |
| Building Automation Systems P.O. Box 1493 Newington, VA 22122 | Building Automation Systems P.O. Box 1493 Newington, VA 22122 | | | 172,892.50 |
| Advanced Thermal Solutions 3601 Commerce Dr., Ste. 108 Halethorpe, MD 21227 | Advanced Thermal Solutions 3601 Commerce Dr., Ste. 108 Halethorpe, MD 21227 | | | 146,754.88 |
| Monumental Supply 401 South Haven St. Baltimore, MD 21224 | Monumental Supply 401 South Haven St. Baltimore, MD 21224 | | | 143,875.74 |
| Frost Fire Insulation P.O. Box 683 Mount Airy, MD 21771 | Frost Fire Insulation P.O. Box 683 Mount Airy, MD 21771 | | | 126,487.48 |